United States District Court
Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 SAN JOSE DIVISION

7

8 BRIAN WHITAKER,                                    Case No.   5:21-cv-00808-EJD

9           Plaintiff,                              **ORDER GRANTING MOTION TO
                                                    DISMISS UNRUH ACT CLAIM**
10          v.

11 BEN BRIDGE-JEWELER, INC.,                        Re: Dkt. No. 12

          Defendant.
12

13          Defendant Ben Bridge-Jeweler, Inc. moves this Court to decline to exercise supplemental

14 jurisdiction over Plaintiff Brian Whitaker's California Unruh Act claim.  *See* Motion to Dismiss

15 Unruh Act Cause of Action ("Mot."), Dkt. No. 12.  On May 5, 2021, Plaintiff filed an opposition,

16 to which Defendant filed a reply.  *See* Opposition to Motion to Dismiss ("Opp."), Dkt. No. 16;

17 Defendant Reply to Plaintiff's Opposition ("Reply"), Dkt. No. 19.  For the following reasons, the

18 Court **GRANTS** Plaintiff's motion to dismiss and declines to exercise supplemental jurisdiction

19 over Plaintiff's Unruh Act claim.[1]

20          **I.      BACKGROUND**

21          Plaintiff is a California resident with physical disabilities.  Complaint for Damages and

22 Injunctive Relief ("Compl.") ¶ 1, Dkt. 1.  He is substantially limited in his ability to walk, suffers

23 from a C-4 spinal cord injury, is a quadriplegic, and uses a wheelchair for mobility.  Compl. ¶ 1.

24          In January 2021, Plaintiff visited Ben Bridge-Jeweler, located at 2855 Stevens Creek

25 Blvd., Santa Clara, California.  Compl. ¶ 2.  During his visit, Plaintiff alleges that he encountered

26

27 ───────────────
[1] On November 19, 2021, the Court found this motion appropriate for decision without oral
argument pursuant to Civil Local Rule 7-1(b).  *See* Dkt. No. 25.

28 Case No.: 5:21-cv-00808-EJD
ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM
1

<div style="vertical-text">United States District Court
Northern District of California</div>

1    inaccessible counters that do not comply with handicap accessibility requirements under the

2    Americans with Disabilities Act ("ADA") standards.  Compl. ¶¶ 10–19 ("There was no counter

3    that was 36 inches or less that plaintiff could use for his transactions.").  Plaintiff initiated this

4    action on February 1, 2021, asserting violations of the ADA, 42 U.S.C. § 12101, et seq., and

5    California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("Unruh Act").

6    ## II.    LEGAL STANDARD

7    In an action over which a district court possesses original jurisdiction, that court "shall

8    have supplemental jurisdiction over all other claims that are so related to claims in the action

9    within such original jurisdiction that they form part of the same case or controversy under Article

10   III of the United States Constitution."  28 U.S.C. § 1367(a).  Even if supplemental jurisdiction

11   exists, district courts have discretion to decline to exercise supplemental jurisdiction:

12   
13   The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

14   (1) the claim raises a novel or complex issue of State law,

15   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

16   
17   (3) the district court has dismissed all claims over which it has original jurisdiction, or

18   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

19   28 U.S.C. § 1367(c).  The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of

20   the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme

21   Court's earlier jurisprudence concerning pendent jurisdiction.  *City of Chi. v. Int'l Coll. of*

22   *Surgeons*, 522 U.S. 156, 172–73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

23   357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has

24   consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's

25   right.  Its justification lies in considerations of judicial economy, convenience and fairness to

26   litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state

27   claims, even though bound to apply state law to them.").

28   Case No.: 5:21-cv-00808-EJD
     ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM

1    District courts may decline to exercise jurisdiction over supplemental state law claims

2    "[d]epending on a host of factors" including "the circumstances of the particular case, the nature

3    of the state law claims, the character of the governing state law, and the relationship between the

4    state and federal claims." *City of Chi.*, 522 U.S. at 173.  The supplemental jurisdiction statute

5    "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a

6    federal court should consider and weigh in each case, and at every stage of the litigation, the

7    values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Cohill*, 484 U.S. at

8    350).

9    The Ninth Circuit does not require an "explanation for a district court's reasons [for

10   declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)–

11   (3), but does require a district court to "articulate why the circumstances of the case are

12   exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling

13   reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am. Inc. v. U.S. Dist.*

14   *Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds*

15   *by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).  According to the

16   Ninth Circuit, this "inquiry is not particularly burdensome." *Id.*  When declining to exercise

17   supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that

18   triggers the applicability of the category (the exceptional circumstances), and then determine

19   whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in

20   the particular case (the compelling reasons)." *Id.*

21   **III.    DISCUSSION**

22   **1.  California's Limitations on the Filing of Construction-Related Accessibility**
     **Claims**

23
     "In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted

24   heightened pleading requirements for disability discrimination lawsuits under the Unruh Act."

25   *Velez v. Il Fornaio (America) Corp.*, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018).  These

26   heightened pleading requirements apply to actions, like this, that allege a "construction-related

27

28   Case No.: 5:21-cv-00808-EJD
     ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM
     3

United States District Court
Northern District of California

accessibility claim." Cal. Civ. Code § 55.52(a)(1) (construction-related accessibility claims are civil claims involving alleged violations of construction-related accessibility standards in a public accommodation "brought under Section 51, 54, 54.1, or 55"). The heightened pleading standard requires a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. *See id.* § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. *Id.*

When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high frequency litigant is:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1).

This definition also extends to attorneys. *See* Cal. Civ. Proc. Code §§ 425.55(b)(2). In support of its imposition of additional requirements on high-frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Case No.: 5:21-cv-00808-EJD
ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM
4

1   Cal. Civ. Proc. Code § 425.55(a)(2).

2       Because of these "special and unique circumstances," California imposed a "high-

3   frequency litigant fee" that requires high-frequency litigants to pay a $1,000 filing fee at the time

4   of the filing of the initial complaint in addition to the standard filing fees.  Cal. Gov't Code

5   § 70616.5.  California law also requires complaints filed by high-frequency litigants to allege

6   certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency

7   litigant, the number of construction-related accessibility claims filed by the high-frequency litigant

8   in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the

9   geographic area of the defendant's business, and the reason why the high-frequency litigant

10  plaintiff desired to access the defendant's business.  *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A).

11  Here, Plaintiff falls within the definition of a high-frequency litigant.[2]

12          **2.  Supplemental Jurisdiction**

13          The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

14  Because California's heightened pleading standards and increased filing fees do not apply in

15  federal court, plaintiffs can circumvent the restrictions that California has imposed on Unruh Act

16  claims by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims

17  in combination with an ADA claim for injunctive relief.  As Judge Wright discussed in *Whitaker*

18  *v. Mac*, 411 F. Supp. 3d 1108 (C.D. Cal. 2019), by enacting restrictions on the filing of

19  construction-related accessibility claims, California has expressed a desire to limit the financial

20  burdens that California's businesses may face under the Unruh Act.  By allowing plaintiffs like

21  Mr. Whitaker to evade these limits through the federal courts would require this Court to be a

22  forum for disregarding interests deemed important by California.  This, in combination with the

23  burden of the "ever-increasing number" of these ADA-Unruh cases through a minority of

24  plaintiffs poses "exceptional circumstances" and "compelling reasons" that justify the Court's

25  discretion to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  *See*

26

27  ───────────────
    [2] In this district alone, Plaintiff is currently a plaintiff in 242 cases.

28  Case No.: 5:21-cv-00808-EJD
    ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM
    5

*United States District Court*
*Northern District of California*

*Whitaker*, 411 F. Supp. 3d at 1116; *see also* 28 U.S.C. § 1367(c)(4).  Rather than repeat the cogent

and thoughtful analysis articulated in *Whitaker*, the Court adopts the reasoning of *Whitaker v.*

*Mac*, 411 F. Supp. 3d 1108 (C.D. Cal. 2019) herein.  Because of California's expressed interest in

limiting the construction-type claim at issue and because of the early stages of this case, the Court

**GRANTS** Defendant's motion to decline supplemental jurisdiction.  *Cf. Arroyo v. Rosas*, 19 F.4th

1202, 1214–15 (9th Cir. 2021) (holding that district court abused its discretion by declining to

exercise supplemental jurisdiction when it had already made findings as to the plaintiff's ADA

claim).

### IV.    CONCLUSION

For the reasons discussed above, Defendant's request that this Court decline to exercise

supplemental jurisdiction over Plaintiff's Unruh Act claim is **GRANTED.**

**IT IS SO ORDERED.**

Dated: March 18, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00808-EJD
ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM
6

United States District Court
Northern District of California